JOSIAH BARBER *vs.* ISAAC GODDARD & others.

A wife is not a competent witness under *Sts.* 1852, *c.* 312, § 60, and 1856, *c.* 188, nor, *ts seems,* under *St.* 1857, *c.* 305, in an action to which her husband is a party, unless she is also one of the parties to the action.

ACTION OF TORT for forcibly breaking and entering the plaintiff's house and searching it.

At the trial in the court of common pleas before *Perkins*, J. at March term 1857, the defendants introduced testimony to show that their entry upon the premises and acts done therein were at the request of the plaintiff's wife, acting under his authority in his absence. To rebut this evidence the plaintiff offered his wife as a witness; but the court rejected her testimony. The verdict being for the defendants, the plaintiff alleged exceptions.

*S. A. Burgess*, for the plaintiff, cited *Phillips* v. *Bridge*, 11 Mass. 242; *Fitch* v. *Hill*, 11 Mass. 286; *Fisher* v. *Willard*, 13 Mass. 379; *Griffin* v. *Brown*, 2 Pick. 304; *Fuller* v. *Wheelock*, 10 Pick. 135; *Rice* v. *Gore*, 22 Pick. 158; *Tappan* v. *Bailey*

4 Met. 529; *Littlefield* v. *Rice,* 10 Met. 287; *Sts.* 1852, *c.* 312, § 60; 1856, *c.* 188; 1 Greenl. Ev. §§ 334–338, 341, 342; *Rutland & Burlington Railroad* v. *Lincoln,* 29 Verm. 206.

*F. H. Dewey & H. Williams,* for the defendants.

BIGELOW, J. The only question in this case is as to the competency of the wife of the plaintiff as. a witness in his behalf. At common law, she could not testify. Is she made competent by statute? The provision in *St.* 1852, *c.* 312, § 60, abolishing the disqualification of witnesses on the ground of interest in a suit, does not change the rule of the common law as to the competency of a wife; because it expressly enacts, that neither a party to a suit, not by law competent, nor the husband or wife of such party, shall be thereby rendered competent. She is not made competent by *St.* 1856, *c.* 188, by which parties are made competent witnesses; because that act in terms extends only to parties to actions and does not include the husband or wife of a party. The rule of exclusion at common law still remained in force when this action was tried, which was before the enactment of *St.* 1857, *c.* 305. But this last statute does not change the rule except where " the wife is a party or one of the parties to the action ; " in such cases and in such only she and her husband are made " competent witnesses for or against each other."

The cases cited for the plaintiff are not applicable to the question raised here. They are cases where the wife has been a witness in collateral proceedings, or in suits between third persons, where the husband has been indirectly interested or has testified as a witness; and are not cases where the husband was a party to the suit or the party in interest.

*Exceptions overruled.*